UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANNA R.,

              Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

Case No. C21-5309-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in assessing three medical opinions. (Dkt. # 18 at 2.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1968, has a GED, and previously worked as a laborer. AR at 278-79. Plaintiff was last gainfully employed in January 2013. *Id.* at 279.

In November 2016, Plaintiff applied for benefits, with an amended alleged onset date of November 9, 2016. AR at 64. Plaintiff's application was denied initially and on reconsideration,

ORDER - 1

and Plaintiff requested a hearing. *Id*. at 122-25, 129-34. After the ALJ conducted a hearing in January 2020 (*id*. at 55-88), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 22-43.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 11-16. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

ORDER - 2

## IV.   DISCUSSION

Plaintiff challenges the ALJ's assessment of three medical opinions written by examining physician W. Daniel Davenport, M.D.; examining psychologist Robert Schneider, Ph.D.; and State agency consultant Shawn Horn, Psy.D. The Court will address each disputed opinion in turn.

### A.   Legal Standards[1]

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

### B.   Dr. Davenport

Dr. Davenport performed a physical examination of Plaintiff in May 2017 and wrote a narrative report describing her symptoms and limitations. AR at 608-12. Dr. Davenport indicated he was unable to provide an opinion about a variety of Plaintiff's capabilities, due to discrepancies in her presentation and her inability to participate in much of the testing, but he did opine that she would be unable to work "at heights or around heavy machinery, temperature extremes, chemicals, dust, fumes, gases, or excessive noise[.]" *Id*. at 612.

The ALJ gave minimal weight to Dr. Davenport's opinion because "it provides little insight into [Plaintiff's] functional abilities, and [Dr. Davenport] noted that his findings were

---

[1] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 416.927 apply to the ALJ's consideration of medical opinions.

ORDER - 3

compromised by [Plaintiff's] poor effort and other discrepancies." AR at 39. Plaintiff contends that the ALJ erred in failing to account for the environmental restrictions that Dr. Davenport assessed, because even though he was unable to rate many of Plaintiff's other capabilities, he did provide a clear statement of her environmental restrictions. (Dkt. # 18 at 7.)

The Court finds that the ALJ adequately explained why he discounted Dr. Davenport's opinion and thus was not required to account for the limitations that he indicated. The ALJ specifically cited Plaintiff's inability to participate in testing and discrepancies Dr. Davenport observed between Plaintiff's behavior during the examination and afterward as reasons to discount his opinion. AR at 39. These are specific and legitimate reasons to discount a doctor's opinion. *See, e.g.*, *Thomas*, 278 F.3d at 958 (affirming an ALJ's rejection of a medical opinion based on an examination wherein a claimant failed to give maximum or consistent effort); *Oviatt v. Comm'r of Social Sec. Admin.*, 303 F. App'x 519, 522 (9th Cir. Dec. 16, 2008) (affirming an ALJ's rejection of an opinion based on an examination wherein plaintiff failed to give full effort on testing and exaggerated symptoms). Plaintiff has not presented any authority indicating that an ALJ is obligated to credit any part of an opinion based on an examination wherein a claimant fails to put forth full effort on testing and/or exaggerates symptoms, and the ALJ's findings that Plaintiff did so during Dr. Davenport's opinion are supported by substantial evidence. Thus, Plaintiff has not established error in the ALJ's assessment of Dr. Davenport's opinion.

**C.      Dr. Schneider**

Dr. Schneider performed an examination of Plaintiff for the Division of Vocational Rehabilitation in November 2019 and wrote a narrative report describing his conclusion that Plaintiff is unable to sustain employment due to a variety of mental problems. AR at 929-42. The ALJ noted that Dr. Schneider's opinion as to whether Plaintiff can work is an issue reserved to

ORDER - 4

the Commissioner, and that he described Plaintiff's social and adaptation limitations in vague terms. *Id*. at 40. However, the ALJ found that to the extent Dr. Schneider suggested that Plaintiff was able to perform simple, routine, overlearned tasks, this finding was consistent with Plaintiff's testing. *Id*. (citing *id*. at 939). The ALJ went on to emphasize that Dr. Schneider relied on Plaintiff's self-reporting to describe her as controlling, manipulative, invested in a disability identity, and not motivated to do anything she does not want to do, and the ALJ found Plaintiff's self-reporting to be inconsistent with the record. *See id*. at 40, 934-41. The ALJ also found that Dr. Schneider's opinion was inconsistent with treatment notes showing engagement with mental health services and largely normal mental status examination findings. *Id*. at 40-41 (referencing *id*. at 31 (citing *id*. at 626, 634, 637, 639, 642, 648, 812, 820-25, 913-14, 917, 921-22)).

Plaintiff argues that the ALJ erred in characterizing some of Dr. Schneider's opinion as vague as to Plaintiff's social and adaptive limitations because the ALJ did not explain how this portion of the opinion was unsupported. (Dkt. # 18 at 10.) But the ALJ did not find this portion of Dr. Schneider's opinion to be unsupported; instead, he found it to lack specificity. This is a reasonable reading of Dr. Schneider's opinion, wherein he found that Plaintiff was not capable of sustaining "employment beyond a few weeks without one of her many physical, emotional and interpersonal problems making it impossible for her to continue working." AR at 940. Dr. Schneider later indicated that although Plaintiff "cannot perform traditional gainful employment, going to work every day and interacting with people but she might be able to perform some type of atypical contract work in which she can work on her own time and on her own agenda and simply provide a product." *Id*. at 940-41. Dr. Schneider's opinion therefore does not identify a specific social or "emotional" deficit that would preclude work, and the ALJ reasonably found that this vagueness undermined his opinion that Plaintiff's social and adaptation limitations are

ORDER - 5

disabling. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("Here, the ALJ found that Dr. Zipperman's descriptions of Ford's ability to perform in the workplace as 'limited' or 'fair' were not useful because they failed to specify Ford's functional limits. Therefore, the ALJ could reasonably conclude these characterizations were inadequate for determining [residual functional capacity ("RFC")].").

Plaintiff also argues that even if Dr. Schneider opined that she was unable to work, the opinion as a whole was not conclusory, and thus, the ALJ should not have disregarded it for touching on an issue reserved to the Commissioner. (Dkt. # 27 at 7.) This argument overlooks the entirety of the ALJ's analysis, however. The ALJ did not discount Dr. Schneider's opinion solely because he commented on an issue reserved to the Commissioner. The ALJ noted that undisputed fact at the outset, but, as described *supra*, went on to explain that other parts of Dr. Schneider's opinion were vague and/or inconsistent with the record, and that Dr. Schneider himself noted that Plaintiff gave inconsistent effort on testing and was invested in her disability identity. AR at 40. These are valid reasons to discount Dr. Schneider's opinion. *See, e.g.*, *Ford*, 950 F.3d at 1156; *Thomas*, 278 F.3d at 958. The ALJ did not, as in *Hill v. Astrue*, simply fail to discuss Dr. Schneider's opinion because it touched on an issue reserved to the Commissioner. 698 F.3d 1153, 1160 (9th Cir. 2012). Because the ALJ provided multiple valid reasons to discount Dr. Schneider's opinion, the Court affirms the ALJ's assessment of this opinion.

D. **Dr. Horn**

Dr. Horn opined that, *inter alia*, Plaintiff "retains the capacity to carry out simple 1-3-step instructions, [and] some familiar/routine detailed tasks," and "retains the capacity to interact with others on an occasional/superficial basis." AR at 117. The ALJ found that Dr. Horn's opinion as to cognitive limitations is generally consistent with the record, but that based

ORDER - 6

on Plaintiff's self-reports, he found her to be more limited than Dr. Horn. *Id*. at 39. Specifically, the ALJ found that Plaintiff "could better sustain simple tasks that can be learned by short demonstration or repetition." *Id*. The ALJ's RFC assessment also indicates that Plaintiff cannot "work in close coordination with co-workers where teamwork is required[,]" and can have only "casual interaction or contact with the general public." *Id*. at 28. The ALJ noted that he used "casual" in the ordinary sense and not as a vocational term of art. *Id*.

Plaintiff argues that the ALJ failed to fully account for Dr. Horn's opinion for two reasons. First, Plaintiff contends that the ALJ erred in failing to include a limitation to 1-3-step instructions in the RFC assessment, and that if that limitation had been included, it would have precluded at least some of the jobs identified at step five. (Dkt. # 18 at 11-15.) This argument fails. The ALJ explicitly discussed why he found Plaintiff to be *more* cognitively limited than Dr. Horn. AR at 39. Rather than include the cognitive limitations identified by Dr. Horn, the ALJ found that Plaintiff was limited to performing simple tasks that can be "learned on the job in less than 30 days by short demonstration, practice, or repetition." *Id*. at 28. This limitation is equivalent to a restriction to unskilled work. *See* 20 C.F.R. § 416.968(a). The 1-3-step instructions limitation identified by Dr. Horn pertains to the reasoning abilities required in a job, and courts have found that such a limitation suggests an ability to perform simple work and/or level-two reasoning. *See, e.g.*, *Kaitlyn B. v. Comm'r of Social Sec.*, 2021 WL 2432324, at *5 (W.D. Wash. Jun. 15, 2021) (collecting cases). Furthermore, Dr. Horn found Plaintiff capable of performing some detailed tasks, and the ALJ declined to incorporate that part of Dr. Horn's opinion. *See* AR at 39, 117. Plaintiff has not shown that the ALJ's assessment of her cognitive abilities was erroneous, or even that Dr. Horn's opinion was more restrictive than the ALJ's RFC

assessment, and thus has not established harmful legal error in the ALJ's assessment of Dr. Horn's opinion in this respect.

Plaintiff next argues that the ALJ failed to fully account for the social limitations in Dr. Horn's opinion because the RFC restriction to "casual" public interaction and the prohibition on close coordination and teamwork with co-workers does not necessarily account for Dr. Horn's opinion that Plaintiff retains the capacity to have occasional/superficial interaction with others. (Dkt. # 18 at 15-16.) Plaintiff emphasizes that "casual" is a vague term, that the ALJ explicitly noted that he did not use it as a term of art, and thus, it is not clear whether "casual" public interaction is equivalent to "occasional/superficial" interaction. (*Id.*)

The Court finds that Plaintiff has not established a conflict between Dr. Horn's opinion and the ALJ's RFC assessment. The RFC prohibition on "close coordination" or teamwork with co-workers and the limitation to "casual" public interaction could be reasonably interpreted as essentially equivalent to "occasional/superficial," particularly the "superficial" half of that hybrid term. Dr. Horn himself equated "occasional" with "superficial," thereby expressing a limitation that is consistent with the ALJ's RFC assessment. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1107 (9th Cir. 2017) (finding that an RFC restriction to "occasional interaction with coworkers" is consistent with a medical opinion that a claimant can "relate to others on a superficial work basis"); *Lisa R. v. Comm'r of Social Sec. Admin.*, 2021 WL 3486721, at *3-4 (W.D. Wash. Aug. 9, 2021) (finding that an ALJ's RFC assessment limiting a claimant to occasional social interaction is not inconsistent with a medical opinion that a claimant can interact on an "occasional/superficial" basis). Particularly because Dr. Horn's opinion was phrased in terms of what Plaintiff could do, rather than expressing the maximum that Plaintiff could do, the Court finds that the ALJ's RFC assessment is reasonably consistent with the capabilities Dr. Horn

described. *See Shaibi*, 883 F.3d at 1107 (emphasizing that an opinion that a claimant "can relate" on a superficial basis does not suggest that he is limited to only superficial interaction).

Because the ALJ's RFC assessment is therefore consistent with Dr. Horn's opinion, Plaintiff has not shown that the ALJ failed to fully account for it. *See Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010) (indicating that an ALJ may incorporate the opinions of a physician by assessing RFC limitations entirely consistent with, but not identical to, limitations assessed by the physician).

V.   **CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED**, and this case is **DISMISSED** with prejudice.

Dated this 27th day of January, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge